*Formatted for Electronic Distribution*                                                                                    *Not for Publication*



Filed & Entered
On Docket
September 9, 2011

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

_____

In re:
    Michael Borrello,                                                        Chapter 7
          Debtor.                                                         Case # 10-11487
_____

**ORDER
CONDITIONALLY GRANTING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS**

On October 12, 2010, Michael Borrello (the "Debtor") and his wife, Theresa Matocha, filed a joint-petition (doc. # 1) seeking relief under chapter 13 of the United States Bankruptcy Code (the "Code"). On November 23, 2010, the Debtor filed a notice of his intention to voluntarily convert his case to one under chapter 7 of the Code (doc. # 2), based upon his realization that he was not eligible for chapter 13 based due to the amount of his unsecured debt. See 11 U.S.C. § 109(e). On the same date, the Court entered an order severing the Debtor's case from that of his wife; the Debtor's wife's case continues to proceed under case # 10-11309 (doc. # 3). After stipulated extensions of time to file a motion to dismiss, on June 9, 2011, the United States Trustee filed a Motion for Order Dismissing Case Pursuant to 11 U.S.C. § 707(b)(3)(B) or in the Alternative Pursuant to 11 U.S.C. § 707(a) (doc. # 29) (the "Motion"). The Debtor filed an objection to the U.S. Trustee's Motion (doc # 30). The Court held a hearing on the Motion at which the U.S. Trustee and Debtor both appeared.

The U.S. Trustee concedes that the Debtor and his wife have overlapping debts and expenses, that the Debtor's wife is minimally employed and relies upon the Debtor for financial support of the household, that the Debtor is the primary source of funding for his wife's chapter 13 case, and that the two cases must be viewed in tandem (doc. #29). The U.S. Trustee argues the Debtor's chapter 7 case should be dismissed because the Debtor has monthly surplus income totaling $5,895.71,[1] the Debtor's creditors will not get any dividend in this chapter 7 case, the Debtor is funding the cost of his son's college education at the expense of his creditors, and the Debtor is financially able (and legally eligible) to pay his creditors a significant dividend through a chapter 11 plan (doc. # 29). In further support of her

---

[1]   This figure is the sum of the Debtor's monthly net income from Schedule J in the amount of $254.21, plus the funds the Debtor currently allocates to the payment of his son's college expenses in the amount of $2,531.50, plus the funds the Debtor allocates to his wife's chapter 13 plan payment in the amount of $3,110.00 (doc. # 29, ¶ 19).

1

motion to dismiss the chapter 7 case, the U.S. Trustee points out that though the Debtor is currently funding his wife's chapter 13 plan, he is under no legal obligation to do so, and therefore, there is a risk that once the Debtor obtains a chapter 7 discharge he may discontinue payments to the chapter 13 trustee and cause her plan to fail (doc. # 29, ¶¶ 13–14).

The Debtor's position is that granting him chapter 7 relief would not be an abuse of chapter 7. He disputes the allegation that his monthly surplus income exceeds the amount set forth as his monthly net income on Schedule J, namely $254.21. He also avers that he is willing to condition his chapter 7 discharge upon payment of all sums he has committed to pay to the trustee in his wife's chapter 13 case. With respect to his payment of his son's college expenses, the Debtor insists this is appropriate because his son is properly claimed as a dependent on his IRS tax returns (doc. # 30, p. 4).[2]

When reviewing a motion to dismiss under § 707(a) or (b), "[t]he decision to grant or deny a motion to dismiss a petition in bankruptcy lies with the discretion of the bankruptcy judge." In re Hess, 346 B.R. 489, 496 (Bankr. D. Vt. 2006) (collecting cases). The Second Circuit has held that when addressing motions to dismiss, courts must consider the "totality of the circumstances." See Kornfield v. Schwartz (In re Kornfield), 164 F.3d 778, 781–783 (2d Cir. 1999). There exists no "exhaustive list of factors a court is to consider. . . [rather] [t]he bankruptcy court must balance the equities and consider the benefits and prejudice of dismissal." Hess, 346 B.R. at 496 (citations omitted).

The scope of the totality of the circumstances in this case is particularly broad because of the unique facts and unusual procedural posture, and the interdependence between this case and the Debtor's wife's chapter 13 case. The Debtor and his wife initially chose to file a joint chapter 13 case, signaling an intent to repay their creditors through a bankruptcy reorganization plan, and the Debtor only converted to chapter 7 because he was not eligible to proceed under chapter 13. The Debtor remains the main source of the joint household's income and continues to fund his wife's chapter 13 plan, which will be paying a dividend to the couple's joint creditors. Moreover, at the hearing on the Motion, the Debtor indicated that due to his financial, familial and emotional circumstances, he does not feel he has the resources to be able to proceed under chapter 11.

The U.S. Trustee's objections based upon the totality of the circumstances, with a focus on the Debtor's surplus monthly income, the Debtor's payment of his son's college expenses,[3] and the risk the Debtor may cease making payments to the chapter 13 trustee at any time (doc. # 29, ¶¶ 14–16), are very

---

[2] The Debtor's amended schedule J indicates that this son's age is 20 years old (doc. # 20).

[3] The majority view is that payment of a child's college expenses is generally not a reasonable and necessary expense, but rather is a discretionary payment which a debtor should not be permitted to make the expense of his unsecured creditors. See In re Baker, 400 B.R. 594, 598–99 (Bankr. N.D. Ohio 2009) (collecting cases); but see In re Gonzalez, 157 B.R. 604, 609–10 (Bankr. E.D. Mich. 1993) (permitting debtors to continue to assist dependent children with their college related expenses). As noted below, the Court is not specifically ruling on this question here.

2

strong. If the Court were to rule on the Motion based solely upon the totality of circumstances presented by the Debtor's case and the Debtor's individual finances, it would conclude that the U.S. Trustee has established grounds for dismissal of this case under § 707. However, the totality of salient circumstances that must be considered in this contested matter includes the Debtor's household's financial circumstances, and, most significantly, include the facts, procedural posture and impact of his wife's bankruptcy case, as well.

After taking into account the facts and circumstances of the two related cases, and especially the impact dismissal of the Debtor's case would have upon his wife's confirmed chapter 13 plan, the Court is persuaded first, that dismissal of the Debtor's case would not be in the best interest of the creditors, and second, there is a middle path that allows the Debtor to proceed in chapter 7 without abusing relief under that chapter. The U.S. Trustee asserts that the case must be dismissed to protect the integrity of the system, even if dismissal will result in a lower dividend to creditors. While it may sometimes be necessary to sacrifice the financial well-being of the creditors in a particular case to prevent a debtor from obtaining relief that undermines the integrity of the bankruptcy system, the analysis of such disputes must be undertaken very carefully and turn upon the specific facts and circumstances presented. In this case, we need not confront that scenario because it is possible to fashion a resolution which protects the integrity of the bankruptcy system and maximizes the dividend to the creditors in the two related cases. Moreover, since the Debtor and his wife initially filed a joint case, and the debts overlap so significantly, the best outcome is one which treats the creditors in the two pending cases as they would have been treated had the Debtor and his wife been able to proceed with their joint chapter 13 case. Based upon the record, it appears possible to accomplish all three of these goals – allowing for the Debtor to proceed in chapter 7, protecting the integrity of the bankruptcy system, and paying the Debtor's creditors a dividend equivalent to what they would have been paid if the joint chapter 13 case had gone forward. This requires to the Debtor to undertake obligations not typically associated with chapter 7 cases, but which, under the totality of the circumstances would justify conditional denial of the Motion.

First, the Debtor must execute a promissory note in favor of the chapter 7 trustee in a sum sufficient to pay a 53.5% dividend to the holders of all allowed unsecured claims who are not being paid through his wife's chapter 13 case. This percentage matches the anticipated dividend being paid to the unsecured creditors under his wife's chapter 13 plan.[4] The promissory note shall be payable in two installments, with the first payment due 6 months after execution of the promissory note, and the second payment due 12 months after execution of the promissory note. The sum payable under this promissory note will be determined after the chapter 7 claims bar date and must include the amount necessary to pay

---

[4] See the Findings and Order Confirming Chapter 13 Plan (case # 10-11309, doc. # 39, p. 4).

3

the chapter 7 trustee's reasonable administrative expenses (if any) and his § 326 commission. The chapter 7 trustee may disburse these funds upon receipt of the final installment from the Debtor, though the case will remain open until the discharge is entered.

Second, the Debtor must make a legally binding commitment to fund his wife's chapter 13 plan in the form of a promissory note in favor of the chapter 13 trustee. This promissory note will be in an amount equal to the total amount remaining due from him under his wife's chapter 13 plan. The promissory note shall require the Debtor to make monthly payments to the chapter 13 trustee, as required to fund the plan, consistent with the terms set forth in the confirmation order. This does not modify the Debtor's obligation to make payments into the chapter 13 plan. The Debtor may pre-pay this promissory note (without penalty) at any time.

Third, if the Debtor defaults on his payment obligations under either of the promissory notes, then his chapter 7 case will be dismissed upon the filing of an affidavit of default by the respective case trustee.

Fourth, each of the trustees shall file an affidavit of completion of payments promptly after receiving the final payment due from the Debtor under the promissory note.

Fifth, the Debtor's obligations under the promissory note in favor of the chapter 7 trustee shall terminate if the Debtor's chapter 7 case is dismissed.

Sixth, the discharge will not be entered in the Debtor's chapter 7 case until an affidavit of satisfaction of payment obligations has been filed by both the chapter 7 trustee in the instant case and the chapter 13 trustee in the Debtor's wife's case.

Having found that the Debtor is eligible for a chapter 7 discharge if he pays sufficient funds to the chapter 7 trustee in this case, and to the chapter 13 trustee in his wife's case, to ensure that all of their creditors will receive the dividend they would have received if the Debtor and his wife had proceeded in a joint chapter 13 case, the Court need not address the specific question of whether the Debtor's payment of his son's college education expenses warrants dismissal under § 707.

Based upon the foregoing analysis, findings, and conclusions, IT IS HEREBY ORDERED that

(1) The United States Trustee's Motion for Dismissal of the Debtor's Chapter 7 Case under 11 U.S.C. § 707 is conditionally granted. The case will be dismissed if the Debtor fails to comply with the conditions set forth in this order.

(2) If the Debtor wishes to proceed with this chapter 7 case, <u>by September 20, 2011</u>, he must file a Statement of Intent to Proceed According to Court Order affirming under oath his intent to execute a promissory note in favor of the chapter 7 trustee in the instant case and a promissory note in favor of the chapter 13 trustee in his wife's chapter 13 case, reflecting payment terms consistent with this Order.

4

(3) If the Debtor timely files a Statement of Intent to Proceed,

    (a) the chapter 7 case trustee shall issue an asset notice within 14 days of the Debtor's filing;

    (b) the Debtor, the chapter 13 trustee, and the chapter 7 trustee shall appear at a status hearing on <u>September 27, 2011 at 10:30 a.m.</u> at the United States Bankruptcy Court, The Opera House in Rutland, Vermont and designated VIT locations, to establish deadlines for the final determination of the amount of each of the promissory notes; and

    (c) the discharge in his chapter 7 case shall not enter until the Debtor has satisfied all obligations under the two promissory notes.

(4) If the Debtor does not execute and timely file a Statement of Intent to Proceed, the instant chapter 7 case shall be dismissed without further hearing, for the reasons set forth in this Order, upon the filing of an affidavit by the United States Trustee attesting to this fact.

(5) If the Debtor does execute and timely file a Statement of Intent to Proceed, and executes the required promissory notes, but defaults on a payment obligation under either or both of the promissory notes, the U.S. Trustee, the chapter 7 trustee, or the chapter 13 trustee may file an affidavit of default, and unless the Debtor cures the payment default, or demonstrates he is not in default, within 28 days of the filing of the affidavit, this chapter 7 case shall be dismissed.

(6) Upon payment in full of both the promissory notes described in this Order, the Debtor's chapter 7 discharge shall promptly enter.[5]

SO ORDERED.

_____
September 9, 2011                                            Colleen A. Brown
Burlington, Vermont                                United States Bankruptcy Judge

---

[5] The Debtor may pre-pay either of the promissory notes, at any time, for example, by increasing his monthly payments to the case trustee(s) after his son graduates from college.

5